**Ethelbert C. Richmond, Plaintiff in Error, v. City of Marseilles, Defendant in Error.**

### Gen. No. 5134.

STREETS—*when declaration charging injury does not state cause of action.* Held, that the declaration in this case did not set up a cause of action in that it did not sufficiently allege that the place where the accident occurred was a public street in the possession and control of the city.

Action in case. Error to the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed October 19, 1909. Rehearing denied April 13, 1910.

BROWNE & WILEY, for plaintiff in error.

PETER M. McARTHUR and BUTTERS & ARMSTRONG, for defendant in error.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was an action of trespass on the case brought by Ethelbert C. Richmond, in July, 1907, against the city of Marseilles and Simon T. Osgood, for injuries alleged to have been sustained by reason of a defective sidewalk. To an amended declaration containing two counts, the city of Marseilles demurred. The demurrer was sustained and plaintiff below elected to abide by the amended declaration. There was a judgment dismissing the cause as to the defendant, the city of Marseilles, at plaintiff's costs. A writ of error was sued out of this court by the plaintiff, which was dismissed for the reason that the suit was still pending in the court below as to the defendant Osgood. Thereafter the suit was dismissed as to Osgood and this second writ of error sued out.

The only question for our consideration is whether the amended declaration stated a cause of action against defendant in error, the city of Marseilles. The first count alleged that Osgood, prior to July 9, 1907, owned and possessed certain lands in the city of Marseilles, and laid out over said lands, a street, and did permit and give license to the people of said city of Marseilles and the public in general to use and pass over said street, and all parts thereof, and kept said street open for the passage of vehicles and pedestrians, and gave the city full and complete use and joint possession of said street; and that the city and Osgood were possessed of and had control of a certain public

sidewalk on said street, and that it was the duty of the city and Osgood to keep said sidewalk in safe repair, and yet they wrongfully and negligently permitted it to be and remain in a broken, dangerous and unsafe condition in a certain place for the passage of pedestrians; and that defendant knew the condition of said sidewalk at the time plaintiff was injured, or by the exercise of ordinary care could have known thereof; and that plaintiff, while exercising due care for his own safety while walking along and upon said sidewalk, unavoidably broke through said unsafe place with his left foot and leg, and was then and there thrown violently to the sidewalk and thereby injured.

It will be observed that this count charged that Osgood owned the land and laid out the street, and that he kept it open for public use. It alleged that he gave the city full and complete use and joint possession thereof. This does not amount to an averment that Osgood dedicated and the city accepted the land over which the street was laid as a public highway. "To make a sufficient dedication, the proprietor of the soil must devote the portion thereof intended for public use to such use, and on the part of the public it must be accepted and appropriated." City of Chicago v. Chicago, Rock Island & Pacific Ry. Co., 152 Ill. 561. We are of the opinion that the count having alleged that Osgood laid out the street on his own land, and tendered it to the city, to have made a sufficient statement of the case when tested by demurrer, it should have alleged that the city accepted the street, in order to make the city liable. Without such an averment, we do not think a case was stated in this count, or that the lack was supplied by alleging later that the city and Osgood were possessed of and had control of the sidewalk on said street. For all that we can see the pleader was relying upon some implied possession or implied control because Osgood had offered the street to the city. A city cannot be made liable merely because an owner of land has subdivided it, laid out a

street through it, and opened it so the public can travel over it; but to make it liable to keep the street in repair as a highway, it must appear that the city has accepted the dedication or has taken charge of and repaired the highway by the proper authorities. Gentlemen v. Soule, 32 Ill. 271.

The second count contained no allegation that Osgood laid out a street across his own land and tendered it to the city, but alleged that there was a public street in the city of Marseilles called and known as "Osgood's hill" or "Osgood's driveway," describing its location, and that the city and Osgood were possessed of, and had control of a public sidewalk on said street; and their duty to keep said sidewalk in a good and safe condition and repair; and that the city and Osgood negligently suffered it to be and remain in an unsafe condition and repair for a long space of time, and knew, or, by the exercise of reasonable care, could have known of that condition; and that by reason thereof the plaintiff was injured while in the exercise of due care for his own safety. This count contained all the elements necessary, if sustained by proof, to make a case against defendant in error, and the averment that Osgood had joint possession with the city, of the sidewalk, did not render it obnoxious to demurrer.

For the reasons indicated, the court properly sustained the demurrer to the first count of the amended declaration and erred in sustaining the demurrer to the second count. The judgment is therefore reversed and the case is remanded with directions to overrule the demurrer to the second count of the amended declaration.

*Reversed and remanded.*