FRANK DONALDSON, Admr., Appellant, *vs.* THE VILLAGE OF DIETERICH, Appellee.

*Opinion filed December 21, 1910.*

1. APPEALS AND ERRORS—*Supreme Court is bound by Appellate Court's finding of facts.* Where the Appellate Court reverses a judgment in favor of the plaintiff in a personal injury suit against a village, and finds, in its judgment, that there was a *de facto* vil-lage attorney and that no notice of the injury was filed in his of-fice, as required by section 2 of the act of 1905, the Supreme Court is bound by the facts so found but may inquire whether such fail-ure is a bar to the suit.

2. SAME—*Appellate Court, in finding facts, should find the ul-timate facts on every material issue.* When the Appellate Court undertakes to make a finding of facts it must recite in its judgment all the ultimate facts concerning every material issue submitted to the trial court, and if such issues include the question whether a *de facto* village attorney had any office where a notice could be filed, the Appellate Court should find upon that question.

3. PRACTICE—*act of 1905, concerning notice to city, town or village of a personal injury, must be strictly construed.* The act of 1905, (Laws of 1905, p. 111,) requiring a person who is about to bring an action against a city, town or village on account of a personal injury, to file, within six months after the injury, a state-ment of the accident in the office of the city attorney and also in the office of the city clerk, must be strictly construed.

4. SAME—*act of 1905, concerning notice of personal injuries to cities and villages, construed.* The city attorney contemplated by section 2 of the act of 1905, concerning notice of personal injuries, must be a licensed attorney having an office or place of business

where the notice required by section 2 of such act may be filed; and if a village has no village attorney having an office, the service of such notice may be had on the village clerk by filing the same in his office.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Effingham county; the Hon. THOMAS M. JETT, Judge, presiding.

R. C. HARRAH, for appellant.

S. F. GILMORE, (WOOD BROS. &' RICKLEMAN, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the appellant in the circuit court of Effingham county against the appellee to recover damages for the death of his intestate, John Donaldson, alleged to have been caused by a defective street in the appellee village, over which said John Donaldson was driving a span of mules hitched to a wagon. The declaration contained two counts, and among other things stated that the appellant had given the notice required by section 2 of "An act concerning suits at law for personal injuries and against cities, villages and towns," (Hurd's Stat. 1909, p. 1247,) by filing the same in the office of the clerk of the appellee, and averred that the appellee had no village attorney at the time he filed said notice with the village clerk. The general issue was filed, and upon a trial a verdict was returned in favor of the appellant for the sum of $500, upon which verdict the court, having overruled a motion for a new trial, rendered judgment in favor of the appellant. The appellee prosecuted an appeal to the Appellate Court for the Fourth District, where the judgment of the circuit court was reversed without remanding the cause. The Appellate Court incorpo-

rated in its judgment the following finding of facts: "We find as ultimate facts that at the time of the occurrence of the injuries which resulted in the death of the appellee's intestate, John Donaldson, and for more than six. months thereafter, Charles A. Field was a village attorney *de facto* of the said village of Dieterich, and that no notice such as is required by section 2 of the act of 1905, concerning suits at law for personal injuries against cities, villages and towns, was filed in the office of said city attorney within said six months." The Appellate Court having granted a certificate of importance, the appellant has prosecuted this appeal.

When the Appellate Court finds the facts different from the trial court and incorporates a finding of· the ultimate facts in its judgment, this court is bound by such finding of facts and cannot review the evidence for the purpose of determining whether the finding is justified by the evidence. This court may, however, conceding the finding of facts to be true, determine whether the Appellate Court properly applied the law to the facts as found by it. In this case the Appellate Court found that the appellee had a village attorney *de facto,* and that no notice such as is required by section 2 of the act of 1905, concerning suits for personal injuries against cities, villages and towns, was filed in the office of said village attorney, within six months from the date of the injury, by the appellant, and that for that reason there could be no recovery. Under the practice governing the review, in this court, of appeals from the Appellate Court, this court is powerless to determine whether the appellee had a village attorney *de facto* or whether a notice was filed in the office of the said village attorney. Upon those questions the court is bound by the finding of the Appellate Court. We may, however, determine the question whether it is necessary to file the notice provided by said section 2 in the office of a *de facto* village attorney who has no regular office where he does business. The

section of the statute requiring such notice to be filed in the office of the village attorney reads as follows:

"Sec. 2. Any person who is about to bring any action or suit at law in any court against any incorporated city, village or town for damages on account of any personal injury shall, within six months from the date of injury, or when the cause of action accrued, either by himself, agent or attorney, file in the office of the city attorney (if there is a city attorney, and also in the office of the city clerk) a statement in writing, signed by such person, his agent or attorney, giving the name of the person to whom such cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where such accident occurred and the name and address of the attending physician (if any.)"

This section of the statute is quite drastic, and the succeeding section provides that if the notice is not filed as provided to be by section 2 of said act the suit shall be dismissed, and the person to whom such action shall have accrued for a personal injury shall be forever barred from further suing upon said cause of action. We think this statute should be strictly construed, and that for a city, village or town to avail itself of the provisions of the said statute it should clearly be made to appear that there was an attorney duly appointed for the municipality who has an office at a fixed place, so that a person who has been injured by the negligence of the city, village or town may know with reasonable certainty with whom and in what place to file the notice required to be filed by the statute, otherwise the injured person might be defeated upon a just claim by reason of the fact that he was unable to determine with whom to file such notice.

It is provided by the statute that the president and board of trustees of a village may appoint a village attorney, and that such village attorney shall qualify by giving bond and taking the oath of office. If a village desires to

avail itself of the provisions of section 2 of the act of 1905, we are of the opinion it must make it appear that it has a village attorney, and that the village attorney has an office at some known place where the notice required by the statute may be served by filing such notice in the office of the village attorney. The object of the statute is to furnish timely notice to the city, village or town of the fact that the party claims to have sustained an injury and that he proposes to enforce his claim for damages against the said city, village or town by suit, and thereby enable said city, village or town to investigate the claim while the facts are fresh and the justice of the claim can be readily ascertained. While the statute is a wholesome measure, it ought not to be so construed as to defeat the claims of persons who have just demands against a city, village or town, by requiring such claimants to serve the statutory notice upon a party who claims to be the *de facto* attorney of the city, village or town, and who may be a butcher, an undertaker, a blacksmith or a grocer, and who has no office other than in his hat, and who has never appeared for the city, village or town, as its legal representative, in a court of record, but who may on one or two occasions have appeared before a police magistrate for the said city, village or town. and prosecuted some one for being drunk or disorderly. It is obvious that the statute used the words "city attorney" in the sense of a licensed lawyer; and to accommodate those cities, villages and towns who do not desire to employ resident attorneys, the statute has provided that a city, village or town may employ as an attorney one who resides outside of the corporate limits of the city, village or town.

We are constrained to hold that the city or village attorney referred to in section 2 of the act of 1905 must be a licensed attorney and must have an office or place of business where he can be found, and that in a case where a village has no regular village attorney who maintains an office, the service of the notice required by section 2 of the

act of 1905 may be had upon the village clerk, by filing the same in his office.

The Appellate Court erred in holding that because the appellee had a *de facto* village attorney and no notice of the claim of appellant had been filed in his office appellant was barred of his action. The Appellate Court therefore improperly applied the law to the facts found by it.

It will be observed that the statute provides that the notice required by section 2 of the act of 1905 shall be in writing and shall be filed in the office of the village attorney. The Appellate Court found appellee had a *de facto* village attorney but it did not find that the *de facto* attorney of the appellee had an office. It appears from the record that the person said to be the *de facto* attorney of the village was not a licensed attorney; that he had never represented the appellee in a court of record, and that his only connection as an attorney with the village was that he had on one or more occasions appeared before a police magistrate on behalf of the village and prosecuted some one for being drunk and disorderly. It was the duty of the Appellate Court, when it undertook to make a finding of facts, to recite in its judgment all the ultimate facts concerning every material issue submitted to the trial court, otherwise a judgment in favor of the plaintiff might be reversed by the Appellate Court on one issue, while on an issue not considered by that court the trial court decided properly in favor of the plaintiff. (*Commercial Ins. Co.* v. *Scammon,* 123 Ill. 601.) The Appellate Court did not find that the *de facto* village attorney of the appellee had an office where the notice could be filed. It therefore did not find the facts upon every material issue involved in the trial court.

The judgment of the Appellate Court will be reversed and the judgment of the circuit court will be affirmed.

*Judgment of Appellate Court reversed.*