Ethelbert C. Richmond, Appellee, v. City of Marseilles, Appellant.

Gen. No. 5,768.

1. MUNICIPAL CORPORATIONS, § 998*—*liability for defective sidewalks.* A city is liable for personal injuries to a pedestrian resulting from a defective sidewalk contructed on private property if it is treated by the city as a public walk and permitted to be used as such.

2. NEGLIGENCE, § 134*—*right of recovery on proof of negligence of one defendant.* One may charge negligence generally against several defendants and recover against those who are proven to have been negligent; so that it is not erroneous to permit recovery where on of two defendants was dismissed without amending the declaration.

3. MUNICIPAL CORPORATIONS, § 1063*—*contributory negligence.* In an action by a pedestrian for injuries resulting from a fall on a defective sidewalk, the fact that he knew that the walk was defective and could have gone another way does not preclude recovery, as the act of walking on the defective sidewalk is not negligence *per se,* but merely a circumstance to be considered by the jury, *inter alia,* in determining whether he was guilty of contributory negligence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. MUNICIPAL CORPORATIONS, § 1064*—*effect of failure of pedestrian to take different course.* The fact that a pedestrian might have reached his destination by a route other than that over a defective sidewalk is not negligence *per se,* but merely a circumstance to be considered by the jury in passing upon the question of contributory negligence.

5. MUNICIPAL CORPORATIONS, § 1060*—*care required in using defective sidewalk.* All that the law requires of one walking upon a public sidewalk with the knowledge of its defects, and that there is another way that he could travel upon, is that he should exercise ordinary care for his own safety.

6. MUNICIPAL CORPORATIONS, § 1225*—*sufficiency of notice of claim or injury.* In an action against a city for personal injuries by reason of a defective sidewalk where the plaintiff, in front of his residence, met the city clerk on his way to the city hall and handed a statement of injuries to him, who carried the notice to his office in the city hall and had it there in the presence of the city attorney, and the plaintiff later called upon the clerk in his office upon the subject, it constituted a sufficient filing of the statement of injury, under the statute, immediately upon its reaching the city clerk's office.

7.. MUNICIPAL CORPORATIONS, § 1098*—*sufficiency of evidence.* Where it appeared that a pedestrian had attempted to step over a hole or a broken place in a sidewalk and slipped because the walk was wet from rain and caught his toe in the hole and was thrown, evidence *held* sufficient to support recovery for injuries received, the jury's verdict being conclusive of the absence of contributory negligence.

8. MUNICIPAL CORPORATIONS, § 1001*—*when evidence sufficient to show control or possession of sidewalk and driveway.* Where a sidewalk and driveway, constructed on private property, had for fifteen years extended up a hill upon which from sixteen to twenty-five families lived, and where there was a public school and the street and alley commissioners of the city did work upon the walk before and after the accident in question, and the city had paid for repairs on the walk a few months before, evidence *held* sufficient to show that it was treated and permitted to be used as a public walk and driveway.

Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 13, 1914.

H. M. KELLY, for appellant.

Browne & Wiley and Stead, Woodward & Hibbs, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

Ethelbert C. Richmond fell because of a defective sidewalk in the City of Marseilles and struck against a rock embankment and was injured, and brought this suit against the City of Marseilles and Simon T. Osgood and filed a declaration, in which he sought to recover damages for said injuries. Thereafter, a demurrer by the City to an amended declaration was sustained, and plaintiff elected to abide by his amended declaration, and there was a judgment in favor of the City of Marseilles. The suit was afterwards dismissed as to Osgood. Plaintiff sued out a writ of error from this court. We held the second count of the amended declaration sufficient and reversed and remanded the cause. *Richmond v. City of Marseilles*, 154 Ill. App. 345. Thereafter the general issue was filed by the City and the cause was tried and there was a verdict and a judgment for plaintiff for $948, from which the City appeals.

It is first contended that there can be no recovery against the City because the sidewalk is not upon a public street. The sidewalk went up Osgood Hill from the valley to the top of the hill and there were from sixteen to twenty-five families who lived upon the hill and there was a public school there. The sidewalk had been there about fifteen years and was used as a public way, and it was adjacent to a driveway up said hill, also used as a public way. The proof was that it was used by the public generally as a public street and sidewalk. The street and alley commissioners of the City did work upon this walk both before and after Richmond was hurt. Before this accident a man employed by the City was seen working upon the walk. A wit-

ness notified the mayor of holes in the walk two or three months before this accident and the mayor directed him to repair it and put in his bill to the City, and he did so and the City paid the bill. This walk and this driveway were on private property. A city is liable for injuries resulting from defective sidewalks constructed on private property, if they are treated by the city as public walks and permitted to be used as such. *City of Chicago v. Baker*, 195 Ill. 54.

· Although Osgood had been dismissed, the second count was not amended. It charged negligence against both the City and Osgood. No attempt was made to prove what relation Osgood bore to this sidewalk. It is contended that having averred negligence by both it was essential to a recovery against the City that the negligence of both be proven. The cases relied upon are where the declaration charged negligence by one defendant in one respect and negligence by another defendant in another respect, and that the two acts of negligence concurred in producing the result. There are no such allegations in this declaration. It is familiar law that one may charge negligence generally against several defendants and recover against those who are proven to have been negligent. The rule contended for by appellant would defeat every action for negligence against more than one defendant, unless the proof showed each defendant negligent.

It is contended that appellee cannot recover because of a variance between the allegations of the second count and the proof as to the exact nature of the break or defect in the sidewalk, which caused the fall. The second count avers that the City and Osgood negligently suffered the same to be and remain in a dangerous and unsafe condition and repair, and negligently permitted a place to be and remain in said sidewalk, at a place definitely located therein by distances from other objects, in a broken, defective, unsecure, unsafe and dangerous condition, rendering said sidewalk at

said place unsafe and dangerous for foot passengers, and that the defendants knew thereof, or by the exercise of ordinary care might have known thereof, and that, as plaintiff was passing along said walk in the nighttime, in the exercise of all due care, he stepped upon said broken, defective, unsafe and dangerous place in the walk and unavoidably broke through it with his left foot and leg and was thrown violently, etc. Numerous witnesses saw and testified concerning this defect and they did not all describe it alike, and witnesses for the City, who came there a week later, gave a different description from that given by plaintiff's witnesses. It is clear that there was a hole or broken place in the sidewalk and, as plaintiff was stepping over it, he slipped because it was raining and the walk was wet, and he caught his toe in the hole and was thrown. We are of the opinion that the allegations of the second count were sufficient to support a recovery, no matter which description of the broken sidewalk is accepted as most strictly correct, under the principles laid down in *City of Joliet v. Johnson,* 177 Ill. 178; *Guianios v. DeCamp Coal Min. Co.,* 242 Ill. 278, and many other cases.

The proof shows that plaintiff knew the walk was defective and that he could have gone another way. It is urged that for that reason he cannot recover. It is held in *City of Mattoon v. Faller,* 217 Ill. 273, that where one knows of a defect in a sidewalk and walks thereon, that act is not negligence *per se,* but is a circumstance to be considered by the jury with all the other circumstances in determining whether he was guilty of contributory negligence, and that the fact that he might have reached his destination by another route is not evidence of negligence *per se,* but is merely another circumstance to be considered by the jury in determining the question of contributory negligence; and that all the law requires of one walking upon a public sidewalk with knowledge of its defects, and that

there is another way which he could travel upon, is that he shall exercise ordinary care for his own safety. *Wallace v. City of Farmington*, 231 Ill. 232. Under the evidence the verdict of the jury means that plaintiff was in the exercise of due care as he went upon this sidewalk and sought to step over this defect, and we see no reason to disturb that conclusion.

The statute requires a party about to bring an action against a city for a personal injury to file a statement in writing in the office of the city clerk. It is contended that this provision was not complied with by plaintiff. Plaintiff met the city clerk in front of plaintiff's residence as the clerk was on his way to the city hall, where his office was, and he handed the notice to the clerk there on the street and the clerk carried it with him to the city hall at once and had it there in the presence of the city attorney, and the plaintiff later called upon the clerk in his office upon the subject. We think this ought to be treated as a sufficient compliance with the statute, under the principles laid down in *Donaldson v. Village of Dieterich*, 247 Ill. 522. Plaintiff had no power to file the statement. That must necessarily be the act of the clerk. Plaintiff could only hand it to the clerk. Plaintiff did not hand it to the clerk in the office but he handed it to the clerk when the latter was on his way to the office, and the clerk carried it to the office, and when it had reached the office plaintiff's duty in that respect was at an end. We do not think that plaintiff should be defeated because the clerk carried the paper instead of its being carried by the plaintiff. We think the form of the statement a sufficient compliance with the statute.

We think the instructions not subject to the criticisms made upon them, for the reasons hereinabove stated. It is not argued that the damages are excessive. The judgment is affirmed.

*Affirmed.*