## William J. Baxter, Appellee, v. City of Venice, Appellant.

1. NEW TRIAL, § 83*—*time for motion.* It is not necessary to make a motion for a new trial before entry of judgment where a jury is waived by agreement and trial is had before the court.

2. MUNICIPAL CORPORATIONS, § 100*—*when ordinance must be pleaded.* When a cause of action is predicated upon a city ordinance, such ordinance must be pleaded.

3. MUNICIPAL CORPORATIONS, § 105*—*when ordinance inadmissible.* An ordinance is not admissible in evidence in an action predicated thereon, where such ordinance has not been pleaded.

4. MUNICIPAL CORPORATIONS, § 83*—*how ordinance prescribing duties of city attorney construed.* An ordinance prescribing as duties of a city attorney such as are usually performed by a licensed attorney must be reasonably construed.

5. MUNICIPAL CORPORATIONS, § 118*—*when city attorney must be a licensed attorney.* An ordinance which prescribes as duties of a city attorney those ordinarily performed by a licensed attorney must be construed as requiring the selection of a duly licensed attorney.

6. CONTRACTS, § 129*—*when illegal.* Any act which is forbidden by either common or statutory law cannot be the foundation of a valid contract.

7. MUNICIPAL CORPORATIONS, § 118*—*when city attorney not entitled to recover salary.* An unlicensed attorney who has been appointed as a city attorney is not entitled to recover the salary provided by ordinance where the ordinance prescribes duties such as are performed only by a licensed attorney.

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the October term, 1914. 'Reversed with finding of fact. Opinion filed May 1, 1915.

J. M. BANDY, for appellant.

C. H. BURTON, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The appellee, January 2, 1914, filed his declaration in the Circuit Court, in assumpsit, consisting of one count averring that appellant city owed him for labor and services before that time bestowed the sum of $200, and a like sum for salary as city attorney for the city of Venice. A copy of account was attached thereto.

To this declaration appellant first filed plea of nonassumpsit, and afterwards a plea denying liability because at the time his cause of action, under his declaration, accrued and since appellee was not a licensed attorney. The appellee demurred to the last plea. The court of its own motion ordered the last plea stricken and ordered that appellant might offer, under the plea of general issue, any evidence that would be proper under any proper special plea. Upon the issues the parties waived a trial by jury. The court found and entered judgment in favor of appellee for the sum of $100.

The facts as they appear from the record are brief: Appellee at the April election in the year 1913 was elected city attorney of the city of Venice. That he was not at the time nor has he since become a licensed attorney. That under ordinance number 13 introduced in evidence by appellee, the city attorney's compensation was fixed at $200 per year. Ordinance number 11 introduced by appellee in evidence prescribes the duties of city attorney, who is to represent the city as its attorney and counselor under the direction of the mayor and city council. That a short time before the election April, 1913, the city council passed and the mayor approved an amended ordinance introduced in evidence by appellant as ordinance number 159, whereby the compensation of city attorney was fixed at $100 per year. May 1, 1913, appellee qualified as city attorney by taking oath of office, and was informed by the mayor that he could not draw salary and that he could not do anything for the city, that he was not a

licensed attorney. The appellee in the trial insisted upon a recovery on the ground that by reason of his election and taking the oath of office he was entitled to recover under ordinance number 13 the sum of $100 for six months' salary. The claim for services rendered or for labor performed under the declaration, other than for the salary provided for under ordinance number 13, was abandoned. The appellant objected to the introduction in evidence of ordinance number 13 because it had not been pleaded, and at the close of the evidence offered by appellee, submitted to the court a proposition of law to find for appellant, which was by the court refused.

The court at the close of all the evidence held as a proposition of law that appellee was entitled to recover, and entered judgment accordingly. Appellee insists this appeal should be dismissed because prior to the entry of judgment appellant did not make a motion for new trial. This was not necessary where a jury had been, by agreement, waived and a trial had before the court.

Appellant insists upon three propositions to reverse this case:

First. That there could be no recovery under an ordinance that he did not plead.

Second. That he not being a licensed attorney could not recover salary provided by ordinance for city attorney.

Third. That ordinance number 159 was duly passed and was in full force and effect and that under that ordinance appellee was limited to a salary of $100 per year.

This cause of action was predicated upon an ordinance of the city of Venice and the ordinance must be pleaded. *People v. Heidelberg Garden Co.*, 233 Ill. 291; *Flynn v. Chicago City Ry. Co.*, 250 Ill. 460. This ordinance was not pleaded and, under the declaration, was not admissible in evidence.

Under the second proposition there is no dispute upon the question that appellee was not a licensed attorney. The services he was to render belonged to that class of persons. If the laborer is to be worthy of his hire the law fixes his qualification at being a licensed attorney, and not coming within that class, he cannot recover. It is true the statute, in so many words, does not make the qualification of city attorney a licensed attorney. The statute must have a reasonable construction in that behalf, and when such a construction is so applied, the words "City Attorney" are used in the sense of licensed attorney. *Donaldson v. Village of Dieterich,* 247 Ill. 522.

The ordinance number 11 prescribes as duties of city attorney such as are usually performed by a licensed attorney, and for which services only a licensed attorney could lawfully collect; that it was a violation of the statute for appellee to hold himself out to the public something that he was not, a licensed attorney, and the general rule that any act which is forbidden by either common or statutory law cannot be the foundation of a valid contract. *Union Nat. Bank of Chicago v. Louisville, N. A. & C. Ry. Co.,* 145 Ill. 208; *Douthart v. Congdon,* 197 Ill. 349. Therefore to qualify as city attorney appellee must be a licensed attorney, and because he was not a licensed attorney he, by disqualifying, entered into a contract under the ordinances introduced in evidence to perform a service and receive a salary therefor which was forbidden by law, and he cannot recover. As the judgment will have to be reversed for the reasons aforesaid, the court's ruling on proposition 3 is immaterial. The judgment is therefore reversed with finding of fact.

*Reversed with finding of fact.*

Finding of fact to be incorporated in the judgment: We find that William J. Baxter was not in April and May, 1913, nor from that time hitherto a licensed attorney; that to qualify, act and collect salary as city attorney he must be a licensed attorney.