**George Lutsch, Appellant, v. City of Chicago, Appellee.**

**Gen. No. 41,968.**

Opinion filed March 10, 1943.

BLOWITZ, BASKIN & KALLICK, of Chicago, for appellant.

BARNET HODES, Corporation Counsel, for appellee; JAMES A. VELDE and ALPHONSE CERZA, Assistant Corporation Counsel, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a personal injury action in which the trial court directed a verdict for the City because of insufficiency of statutory notice of the injury. The notice is "a statement in writing" of the circumstances of the injury signed by any claimant, agent or attorney, which statement must be filed in the offices of the City Attorney and City Clerk. Section 7, ch. 70, Ill. Rev. Stat. The defendants' answer admits "what purports to be a statutory notice referred to in paragraph six was served, that as to alleged facts stated in said notice defendant denies." Under section 164, chapter 110 (Ill. Rev. Stat. [Jones Ill. Stats. Ann. 104.040]) it would appear that no issue as to the sufficiency of the notice was raised, though the point is not made here.

Plaintiff's counsel offered in evidence 4 exhibits, #1, an original notice signed by him and receipted by the City Clerk and Corporation Counsel; 1 (a), unsigned copy receipted by the Corporation Counsel; 1 (b), unsigned copy receipted by the City Attorney; 1 (c), signed copy left with the City Clerk. Exhibit 1 had been retained for counsel's file for it had been receipted in each office. The court rejected plaintiff's offer of these exhibits, except 1 (c), on the ground that exhibits 1 (a) and 1 (b) were insufficient under the statute and that exhibit 1 had no place in evidence.

The evidence surrounding the service of notice was undisputed and, therefore, a question of law arose for the trial court to decide, that is, whether the notice served was sufficient under the Act. By excluding the exhibits offered, the trial court must have concluded that they had no tendency to show compliance with section 7 and were, therefore, immaterial to his decision.

Unquestionably, plaintiff served proper notice as that term is commonly understood among lawyers. The original was signed by her counsel and presumably exhibited to, since it was receipted by the City Clerk and Corporation Counsel. Copies were left with them, one of which left with the Clerk, was signed by plaintiff's counsel. The statute, however, requires more than the customary legal notices, but, although the section requires in words, the "filing of a statement in writing," the Supreme Court (*Donaldson v. Village of Dieterich*, 247 Ill. 522; *Minnis v. Friend*, 360 Ill. 328) has referred to the "statement" as a "notice" and to the "filing" as "service." Both Webster's New International Dictionary (2nd Ed.) and "Words & Phrases," vol. 3, pages 2764 and 2765 give two meanings, for the verb "file," and we believe the meaning here is synonymous with, and used in the identical sense as the verb "serve." For a contrary view see *Richmond v. City of Marseilles*, 190 Ill. App. 227.

The section is in derogation of the common law rights of injured persons and should be construed strictly against the City, although an early Illinois case held that strict compliance with the statute was necessary, but later cases, (*Schmidt v. City of Chicago*, 284 Ill. App. 570; *McComb v. City of Chicago*, 263 Ill. 510) inferentially approve a decision of a foreign jurisdiction holding that such statutes should be liberally construed.

We are disposed to give the section a liberal meaning within the limits established in the *Minnis* case, the

most recent on the subject. There no notice was signed, though the notices were regular in all other respects. The court considered *McComb v. City,* where a notice which did not specify on which corner of an intersection the accident occurred, was held valid. The court said that the *McComb* case relied on by Minnis, and by plaintiff here, would have applied in favor of the notice if there had been some attempt to comply with the requirement that the notice be signed, and if the question were as to the sufficiency of the signature. It was held that the notice did not contain one of the essentials prescribed by the Act— the signature; that there was no attempt to comply with that requirement; and that the notice was not admissible. The *Minnis* case is not decisive here because an attempt was made to comply with the element missing there.

The object of section 7 is to provide timely notice to the City that a party claims to have sustained an injury and proposes to enforce his claim against the City by suit, so that the municipality may investigate "while surrounding conditions are fresh" to determine the justice of the claim, (*Donaldson v. Village of Dieterich,* 247 Ill. 522; *Welch v. City of Chicago,* 323 Ill. 498) and not to furnish a pitfall for meritorious claimants (*McComb v. City of Chicago,* 263 Ill. 510). Lack of signature on a copy of the notice does not defeat that object.

What purpose has the signature on such a statement of notice? It cannot be for later identification, for the section permits claimant, agent or attorney to sign. It must be to authenticate and formalize the claim. Is not the purpose accomplished when a complete, signed notice is filed with the Clerk and the City's counsel sees and receipts a complete, signed notice and is given an unsigned copy?

If there is any further need of the signed copy, has not the City in the person of the Clerk, a signed copy? The plaintiff complied with the section in all respects,

except for the signature and in that element made an attempt, and under the *McComb* case that is sufficient. The *Minnis* case does not limit attempts to comply with the signature requirement, to those where signature is insufficient.

For the reasons given the judgment of the Superior Court is reversed and the cause is remanded for a new trial consistent with the views expressed herein.

*Judgment reversed and cause remanded.*

BURKE, P. J., and HEBEL, J., concur.