Inez O. Schroeder, Plaintiff-Appellant, v. Community Unit School District No. 2 of Macoupin County, Illinois, Defendant-Appellee.

Gen. No. 10,739.

Fourth District.

October 6, 1966.

Frederick R. Pefferle, of Springfield, for appellant.

Hebron & Denby, of Carlinville (W. W. Denby, of counsel), for appellee.

TRAPP, P. J.

This is an appeal by Inez O. Schroeder, who was plaintiff in a personal injury suit against Community Unit School District No. 2 of Macoupin County, Illinois, from an order of the Circuit Court of the Seventh Judicial Circuit, Macoupin County, Illinois, dismissing her complaint for alleged failure to comply with the notice provisions of "An Act relating to damages recoverable against school districts and non-profit private schools for injuries occurring as a result of negligence in the conduct of schools," chap 122 (Ill Rev Stats 1961).

Section 823 of chap 122 (Ill Rev Stats 1961) provides:

> "Within six months from the date that such injury was received or such cause of action accrued, any person who is about to commence any civil action in any court against any school district for damages on account of any injury to his person or property shall file in the office of the school board attorney, if there is a school board attorney, and also in the office of the clerk or secretary of the school board, either by himself, his agent or attorney, a statement in writing signed by himself, his agent or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred and the name and address of the attending physician, if any."

A notice was prepared and served upon the President of the School Board, the Secretary of the School Board, the Principal of the School and the School District insurance carrier, giving the information required by the statute within the time provided by the statute. Suit was

filed alleging the giving of the notice and an answer filed admitting the allegation. Subsequently, defendant filed a motion and, later, an amended motion to dismiss, alleging that no notice had been served upon the school board attorney.

There was attached to the motion to dismiss an affidavit of Willard Kelsey, stating that he was the attorney for the school board at the time of the affidavit and had been from an unstated time prior to the accident.

There is no evidence of any official record of the school board appointing any attorney as school board attorney, nor any evidence of any contract, verbal or written, nor any evidence of any work done or consultations had as school board attorney, nor any salary or other compensation agreed upon or paid any school board attorney, nor any evidence that an official office of school board attorney existed or that any place was in any way designated as office of school board attorney. It appears from the briefs that Willard Kelsey is now deceased. No evidence was taken, but certain correspondence between plaintiff's attorney and Willard Kelsey was inserted in an affidavit of plaintiff's attorney in opposition to the motion to dismiss.

It appears that there was a Macoupin County School Directory published by the Superintendent of Schools of Macoupin County which, for the years 1961–1962 and 1962–1963 noted Hemphill and Kelsey, Carlinville, Illinois, as attorney for the defendant. There was no partnership of Hemphill and Kelsey on the date of the accident (February 17, 1962), or thereafter because the partner, Victor Hemphill, died October 19, 1957, and by January 1, 1962, Willard Kelsey was practicing under the name of Kelsey and Koval.

In his letter to plaintiff's attorney, which is included in the affidavit previously mentioned, Willard Kelsey stated that "to the best of my recollection Victor Hemp-

354

hill was originally appointed attorney for C.U.S. District No. 2 and continued as such attorney until his death on October 19, 1957." He is uninformed as to any minutes of the school board regarding such appointment, and apparently uninformed as to the date or other details in regard thereto.

Without any record or other evidence of official action of the school board in reference to appointment of a school board attorney, we are unable to find that a school board attorney existed in any official sense within the meaning of the statute. If evidence were available that the school board or some members thereof, at some time, consulted a particular attorney on school business, or that some members considered a particular attorney the school board attorney, all of which is lacking here, this would not establish a person as school board attorney.

Numerous authorities are cited which tend to establish that a similar statute providing for notice of injury to a city attorney must be complied with in all details. Other authorities are cited which tend to show that the statute is in derogation of a common-law right and that it should be construed strictly against the municipal corporation asserting it. These cases are: Riddle v. City of Marion, 44 Ill App2d 11, 193 NE2d 877, holding the giving of a wrong date of accident fatal to the notice; Walters v. City of Ottawa, 240 Ill 259, 88 NE 651, also holding the wrong date makes the notice fatally defective; McCarthy v. City of Chicago, 312 Ill App 268, 38 NE2d 519, holding that filing in the office of the City Clerk is an absolute requirement; Minnis v. Friend, 360 Ill 328, 196 NE 191, holding failure to sign the notice renders it ineffective; Lutsch v. City of Chicago, 318 Ill App 156, 47 NE2d 545, holding that, where an original was signed and receipted by the clerk, the fact that other copies, which were receipted by the corporation counsel and city attorney, were not signed, was not fatal; Schmidt v. City of Chicago, 284 Ill App 570, 1 NE2d 234,

holding that where the physician was well known, the fact that the street number of his address was two digits off did not invalidate the notice; and McComb v. City of Chicago, 263 Ill 510, 105 NE 294, holding that failure to give the specific corner of an intersection did not invalidate the notice. We note also Haymes v. Catholic Bishop of Chicago, 52 Ill App2d 140, 201 NE2d 675, which holds that a minor is excused from giving the notice, and treats the statute before us as a statute of limitations.

The case which most closely approximates the present situation, among those called to our attention, is Donaldson v. Village of Dieterich, 247 Ill 522, on pp 522–525, 93 NE 366, where a person not a licensed attorney, who had acted for a village as prosecuting attorney before the police magistrate, was held by the Appellate Court to be the de facto village attorney. The Supreme Court, in reversing the Appellate Court, said in part, p 525:

"This section of the statute is quite drastic, and the succeeding section provides that if the notice is not filed as provided to be by section 2 of said act the suit shall be dismissed, and the person to whom such action shall have accrued for a personal injury shall be forever barred from further suing upon said cause of action. We think this statute should be strictly construed, and that for a city, village or town to avail itself of the provisions of the said statute *it should clearly be made to appear that there was an attorney duly appointed for the municipality who has an office at a fixed place,* so that a person who has been injured by the negligence of the city, village or town may know with reasonable certainty with whom and in what place to file the notice required to be filed by the statute, otherwise the injured person might be defeated upon a just claim by reason of the fact that he was

unable to determine with whom to file such notice." (Emphasis ours.)

There is evidence that plaintiff's attorney sought to determine whether there was a school board attorney and was advised by a clerk in the County Superintendent of Schools Office of Macoupin County that none was listed. This evidence would have some bearing on the question of the attempted compliance mentioned in Lutsch v. City of Chicago, 318 Ill App 156, on p 159, 47 NE2d 545.

■ In any event, it has long been held that where official bodies are required to keep a record of their proceedings, the only proper evidence of the proceedings of such bodies is the official record of their acts. People ex rel. Prindable v. New York Cent. R. Co., 400 Ill 507, on p 512, 81 NE2d 201; Gietl v. Drain. Dist. No. 1, 384 Ill 499, on p 502, 51 NE2d 512; People v. Chicago Heights Terminal Transfer R. Co., 375 Ill 590, on p 597, 32 NE2d 161; Hankenson v. Board of Education of Waukegan Tp., 10 Ill App2d 79, on pp 93, 94, 134 NE2d 356.

■ We hold that there is no proper showing in this record that there was a school board attorney for the defendant district holding office within the meaning of chap 122, § 823 (Ill Rev Stats 1961).

The order of the trial court dismissing the complaint is reversed and the cause is remanded for further proceedings not inconsistent herewith.

Reversed and remanded.

SMITH and CRAVEN, JJ., concur.