WILLIAM McComb, Appellee, vs. THE CITY OF CHICAGO,
Appellant.

*Opinion filed April 23, 1914—Rehearing denied June 4, 1914.*

1. MUNICIPAL CORPORATIONS—*when notice to city of personal
injury is, in general, sufficient.* The notice required by statute to
be given to a city by a party injured who claims damages from
the city is, in general, sufficient if it gives enough information to
the city authorities to enable them, by the exercise of reasonable
intelligence and diligence, to locate the place of the injury and as-
certain conditions alleged to have existed which caused the injury.

2. SAME—*what is not a fatal defect in notice to a city of per-
sonal injury.* The fact that the notice to a city, sent by a person
injured by stepping into a hole in the sidewalk at the south-east
corner of certain intersecting streets, merely states that the injury
occurred "at or near the corner" of such intersecting streets, with-
out specifying which corner of the intersection, does not render
the notice fatally defective.

APPEAL from the Branch "D" Appellate Court for the
First District;—heard in that court on appeal from the Cir-
cuit Court of Cook county; the Hon. THOMAS G. WINDES,
Judge, presiding.

WILLIAM H. SEXTON, Corporation Counsel, and N. L.
PIOTROWSKI, City Attorney, (DAVID R. LEVY, and JOHN
L. FOGLE, of counsel,) for appellant.

JAMES A. RUSSELL, and MILLS & HOLLY, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellee, as plaintiff, in the circuit court of Cook county
recovered a judgment against appellant, as defendant, for
$3000 damages for personal injuries received by a fall on
a defective sidewalk. Defendant appealed to the Appellate
Court for the First District. The judgment was affirmed
by Branch "D" of that court and a certificate of importance
granted, upon which this appeal was prosecuted to this court.

The only question raised for our consideration is the sufficiency of the notice given by plaintiff to defendant of the time and place of the accident. ,

Section 2 of the act of 1905 (Laws of 1905, p. 111,) requires a person who is about to bring an action against an incorporated city, village or town for damages on account of any personal injury, to file in the office of the city attorney, if there is one, and also in the office of the city clerk, within six months of the date of the injury, a statement in writing signed by the party injured, his agent or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, and the name and address of the attending physician, if any. By section 3 it is provided that if the notice shall not be given as required by section 2, any suit brought against the municipality shall be dismissed and the cause of action forever barred.

The plaintiff was injured January 29, 1910, at about 5:30 o'clock P. M., while walking east on the south side of Thirty-ninth street where it crosses Campbell avenue. He had crossed Campbell avenue on the sidewalk used by pedestrians, and as he passed over the curb to the sidewalk at the south-east corner of Campbell avenue and Thirty-ninth street he fell in consequence of a hole or depression in the sidewalk, breaking his leg. Within six months of the date of the injury he filed a notice in the office of the city attorney and city clerk of the city of Chicago, in which he gave his name and residence and stated he had "sustained injuries to his person by being injured at or near the corner of Thirty-ninth street and Campbell avenue, in said city of Chicago, on, to-wit, the 29th day of January, A. D. 1910, at about 5:30 P. M. in the afternoon of said day." The notice further stated that he (plaintiff) was taken in charge by the police of the city of Chicago and

removed in a patrol wagon to the Cook County Hospital and placed in ward 9 therein. He was unable to give the name of the physician who treated him. He stated in the notice that he claimed damages against the city of Chicago on account of the injuries received.

It will be observed the notice stated the injury received by plaintiff was "at or near the corner of Thirty-ninth street and Campbell avenue." It does not specifically state which corner, and appellant insists the notice is too uncertain and indefinite as to the place of the accident to be a substantial compliance with the statute. It must be admitted that in this respect the notice was crudely and carelessly prepared, but if, considering the whole notice together, it gives sufficient information to the city authorities to enable them, by the exercise of reasonable intelligence and diligence, to locate the place of the injury and ascertain the conditions alleged to have existed which caused it, it is sufficient, according to the weight of the authorities, to serve the purpose for which it was required by the statute to be given. No particular form of notice is required by the statute. Statutes similar to ours are in force in many States of the Union, and the sufficiency of notices given under such statutes as to the place of the injury has frequently been passed upon by the courts of other States. In *Ellis* v. *City of Seattle,* 92 Pac. Rep. 431, the notice stated the injury occurred by plaintiff driving in a hole on the west side of a street. The proof showed the hole was on the east side of the street. The street was forty-six feet wide, and the officials of the city testified they had no knowledge of any defective condition of the east side of the street at the time of the injury. The court held the requirements of the notice should receive a liberal construction; that the purpose of it was to enable the officers of the city to locate the place of the injury with a view of preparing a defense if it was thought a defense should be made, and that if the notice directed the attention of the officers with reason-

able certainty to the place of the accident the requirements of the statute were met. The court said: "It was not intended that the terms of the notice should be used as a stumbling block or pitfall to prevent recovery by meritorious claimants." The notice was held sufficient. In *Buchmeier* v. *City of Davenport,* 116 N. W. Rep. 695, a notice stating plaintiff was injured by falling on a crossing at Ninth and Warren streets was held sufficient. In *Beyer* v. *City of North Tonawanda,* 183 N. Y. 338, the notice described the place of injury as being on the sidewalk on the easterly side of Payne avenue, about half-way between Schenk and Robinson streets. The evidence showed the place of injury was between eighty and one hundred feet from a point midway between the two streets mentioned, but the notice was held sufficient. In *City and County of Denver* v. *Perkins,* 114 Pac. Rep. 484, the notice stated the place of injury was on a certain street in front of a certain alley but did not state which side of the street. It was held sufficient. In *City of Lincoln* v. *O'Brien,* 56 Neb. 761, the notice stated that plaintiff was injured by stepping in a hole while passing over the sidewalk on the north side of "Q" street between Eighteenth street and Twentieth street. Eighteenth street and Twentieth street are two blocks apart, but the notice was held sufficient. In *Hutchings* v. *Sullivan,* 90 Me. 131, the place of injury was stated to be a hole in the sidewalk between Hotel Cleaves and Dunbar Bros. store. The distance between those two places was 315 feet, but the notice was held sufficient in that case. In *Brown* v. *Town of Southbury,* 53 Conn. 212, the notice stated the injury was caused by a defective sluice across the public highway between two houses named. The houses mentioned were twenty-five rods apart and there were three sluiceways between them, but one of which was defective. The notice was held sufficient.

Numerous other similar cases might be cited sustaining notices as indefinite as to the place of injury as those re-

ferred to in the cases mentioned. Cases from other States, but fewer in number, have been decided by courts of last resort requiring the notice to state more definitely the exact place of the injury. The notice in the case before us is far from being a model, but considering all that is stated in it, it would seem to have apprised the officers of defendant of sufficient facts so there could have been no difficulty in ascertaining or locating the place of the injury. The notice informed the officers of defendant that plaintiff was taken charge of by the police of the city and driven in a patrol wagon to the Cook County Hospital, where he occupied ward 9. The proof showed plaintiff was taken by the police in a patrol wagon from the place where he was injured, at the south-east corner of Campbell avenue and Thirty-ninth street. One of the policemen who accompanied him in the patrol wagon, and another witness who discovered plaintiff immediately after the injury and stayed with him until the patrol wagon came and took him away, testified he was picked up at the south-east corner of Campbell avenue and Thirty-ninth street. We do not mean to be understood that the proof can be made to supply defects in the notice, but we have referred to the proof merely to illustrate that the defendant was informed of facts in connection with the statement of the place of the injury, of a character which unmistakably enabled its officers to find the exact place where the injury was received. We think the case comes within the rule announced in *Carr* v. *Ashland,* 62 N. H. 665. In that case the court said: "If the statement so designates the place that the officers of the town, being men of common understanding and intelligence, can by the exercise of reasonable diligence, and without other information from the plaintiff, find the exact place where it is claimed the damage was received, it is in this respect sufficient, because it fully answers the purpose of the statute."

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*