(No. 17893.—Reversed and remanded.)
CARL D. KINSEY, Defendant in Error, *vs.* W. C. ZIMMER-
MAN *et al.* Plaintiffs in Error.

*Opinion filed February 24, 1928.*

1. APPEALS AND ERRORS—*neither trial nor Appellate Court may
take issue of fact from jury.*   Where a jury is not waived in an
action at law the trial court cannot take the case from the jury
or direct a verdict for the plaintiff where to do so involves a de-
termination of the weight of the plaintiff's evidence or of evidence
set up in defense of the action, but the court is limited strictly to
determining whether or not there is any evidence legally tending
to prove the facts alleged or the defense set up, and the Appellate
Court has no greater power in that respect than the trial court.

2. SAME—*when rule making Appellate Court's finding on mixed
question of law and fact conclusive is not applicable.*   The rule
making the Appellate Court's finding on a mixed question of law
and fact conclusive is not applicable where that court makes no
finding of fact in its judgment.

3. SAME—*errors not passed on by Appellate. Court cannot be reviewed by the Supreme Court.* Errors assigned in the Appellate Court as to rulings on the admissibility of evidence and instructions to the jury cannot be reviewed by the Supreme Court where they were not passed upon by the Appellate Court.

4. LEASES—*what constitutes constructive eviction.* To constitute a constructive eviction it is not necessary that there be actual, physical expulsion or disturbance of the tenant's possession, but acts of a grave and permanent character which amount to a clear indication of intention on the landlord's part to deprive the tenant of the enjoyment of the premises and which justify abandonment of the premises, taken in connection with the act of abandonment itself, will support a plea of eviction as against an action for rent.

5. SAME—*question of constructive eviction is one of fact.* The question of constructive eviction is one of fact, depending upon the circumstances of the particular case, and is to be determined by the jury.

6. SAME—*when defendant's evidence tends to establish constructive eviction—review.* In an action for rent, where the tenants have abandoned the premises before the expiration of the lease, evidence tending to show that a leak in a water pipe rendered the premises untenantable for the business or occupation in which the tenants were engaged and that the tenants made repeated but unavailing requests to have the leak repaired, tends to establish a constructive eviction, and the Appellate Court, after a trial by jury and a judgment for the defendants in the trial court, is not warranted in finding that there is no evidence tending to establish the defense and in reversing the judgment with directions to enter judgment for the plaintiff; but in such case the Supreme Court cannot affirm the trial court's judgment for the defendants but must remand the cause to the Appellate Court for further proceedings.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. GEORGE B. HOLMES, Judge, presiding.

WEST & ECKHART, for plaintiffs in error.

SCHEIN & BECKWITH, (FRED W. BENTLEY, and GEORGE L. SCHEIN, of counsel,) for defendant in error.

Mr. Justice Stone delivered the opinion of the court:

This cause comes here on a writ of *certiorari* issued to the Appellate Court for the First District to review the judgment of that court reversing the judgment of the municipal court of Chicago and remanding the cause to that court, with directions to enter judgment for the plaintiff in the amount of his demand. Plaintiffs in error were tenants of defendant in error under a written lease containing a power of attorney to confess judgment for rent in arrears. On August 8, 1923, judgment by confession was entered in the municipal court for defendant in error against plaintiffs in error in the sum of $1245, representing rent for the months of February to August, both inclusive, at the rate of $175 per month, and $20 attorneys' fees, as provided in the lease. On August 24, 1923, this judgment was on motion of plaintiffs in error vacated and leave was given them to defend, the judgment to stand as security. On the trial of the cause before a jury a verdict was rendered in favor of plaintiffs in error. Judgment was entered on this verdict, and defendant in error appealed to the Appellate Court.

The defense interposed to the action was that of constructive eviction; that the plaintiff had failed to make necessary repairs, as a result of which failure the premises became untenantable, and the tenants were obliged to vacate the premises on January 15, 1923. Plaintiffs in error are architects. The rooms of defendant in error occupied by them extended across the entire front of the top floor of what is known as the Steinway Hall building, in the city of Chicago. One room, about 19x21 feet in dimensions, was used by plaintiffs in error as a drafting room. There were in that room about eight drafting tables, at which were employed, on an average, five or six people. The undisputed evidence shows that when in use these tables occupied practically all of the available space. Over a part

of these tables, and about eight or ten inches from the ceiling, there extended for a distance of approximately ten feet an iron pipe, one end of which was so connected with the roof as to permit the drainage of water from the roof and the other end of the pipe extended into a shaft which connected with the sewer in the basement. The defense was that this pipe had for some time been leaking so that water dripped down upon the tables where the draftsmen were at work, damaging their work; that at such times it was necessary to shift the tables from one place to another in an endeavor to permit plaintiffs in error's employees to work, and that at times it was wholly impossible to work because of the dripping of the water; that plaintiffs in error complained of this condition about July or August, 1922; that defendant in error agreed to remedy the defect, and some temporary repairs were made on the pipe but it continued to leak; that plaintiffs in error frequently thereafter complained of this condition and insisted that the defect be given prompt attention; that while defendant in error informed plaintiffs in error that the pipe would be so repaired as to stop the leak, such was not done; that on December 4 plaintiffs in error wrote defendant in error that unless the repairs in the letter designated were made it would be necessary for them to seek other quarters; that thereafter nothing was done and no further word was received from defendant in error, and on January 10, 1923, plaintiffs in error paid the rent for the month of January and a few days later vacated the premises.

The Appellate Court in reversing the judgment held as a matter of law that the defects complained of were insufficient to justify the trial court in submitting the case to the jury on the question of constructive eviction, and that as there was no dispute as to the amount the judgment of the municipal court was reversed and the cause remanded, with directions to confirm the judgment entered by confession

in the trial court. The Appellate Court made no finding of fact.

Plaintiffs in error urge that the judgment of the trial court on the verdict of the jury should be affirmed; that the judgment of the Appellate Court was in effect a reversal of the judgment of the trial court and a judgment for defendant in error, and that the Appellate Court has no power to enter such a judgment. The case was tried by a jury. The issue was whether there was a constructive eviction. In *Mirich* v. *Forschner Contracting Co.* 312 Ill. 343, the power of the Appellate Court to review cases tried before a jury in the trial court was fully reviewed. It was there held that the trial court has no power, when a jury is not waived, to determine the weight and preponderance of conflicting evidence introduced to establish or disprove the facts, and the trial judge is never authorized to take a case from the jury or direct a verdict for the plaintiff where to do so would involve the determination of the preponderance of the testimony, but that court is limited strictly to determining whether there is or is not any evidence legally tending to prove the fact alleged; and this is true even though it appears that the greater weight of the evidence may be on one side or the other; and as such power does not exist in the trial court it cannot be conferred upon the Appellate Court. This rule is established in this State.

Defendant in error contends that whether there was sufficient evidence to warrant submitting the defense of constructive eviction to the jury was a question of mixed law and fact, and was therefore a question on which the decision of the Appellate Court was conclusive. There was, however, no finding of fact in this case by the Appellate Court, and the rules relating to findings of the Appellate Court on issues that are mixed law and fact are not applicable.

The question as to what constitutes constructive eviction was considered by this court in *Gibbons* v. *Hoefeld,* 299 Ill. 455. In that case it was held that to constitute a constructive eviction it is not necessary that there be actual physical expulsion; that acts of a grave and permanent character which amount to a clear indication of intention on the landlord's part to deprive the tenant of the enjoyment of the demised premises will constitute an eviction; that the landlord, without being guilty of actual disturbance of the tenant's possession, may yet do such acts as will justify or warrant the tenant leaving the premises, and if he does, the circumstances which justify such abandonment, taken in connection with the act of abandonment itself, will support a plea of eviction as against an action for rent. It was also there held that the question of constructive eviction is one of fact, depending upon the circumstances of the particular case, and is to be determined by a jury. This rule is also stated in *Barrett* v. *Boddie,* 158 Ill. 479, and *Keating* v. *Springer,* 146 id. 481. Applying this rule, we come, then, to a consideration of the record to determine whether there is any evidence tending to establish constructive eviction.

The evidence shows that the pipe in the rooms occupied by plaintiffs in error leaked to such an extent as to damage the work of the draftsmen employed there and at times to prevent the use of the rooms for the purposes of the business of plaintiffs in error; that although frequently complained of, defendant in error did not stop the leak though some work was done on the pipe and the pipe was later exchanged for another. It appears, however, from the testimony of plaintiffs in error, that the leak was not stopped, and that after the complaint on December 4 nothing further was done to prevent such leak; that a new pipe was put in but the shaft into which the pipe discharged the water was left open, and soot was allowed to come into the

rooms and damage the work of plaintiffs in error; that the eight tables in the room were of two types, one readily movable and the other heavy and not easily movable; that the pipe extended over these last named tables; that after the new pipe was installed the leak was greater than before and at times rendered the drafting room unfit for use. This evidence, together with the testimony of repeated unavailing requests to defendant in error to repair the leak, tended to establish a constructive eviction, and the Appellate Court was not warranted in finding that there is no evidence in the record tending to establish that defense.

Plaintiffs in error urge that the judgment of the trial court should be affirmed here. It is not, however, the province of this court to review evidence except for the purpose, as hereinbefore indicated, to determine whether there is any evidence tending to establish the defense of plaintiffs in error.

Defendant in error urges that if the Appellate Court was not justified in remanding the cause with directions to enter judgment, this court should pass upon errors assigned in the Appellate Court as to rulings on the admissibility of evidence and instructions to the jury. These matters were not passed upon by the Appellate Court. This court, in reviewing the judgment of that court, is not, therefore, authorized to determine such questions.

The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions to consider the other assignments of error and either affirm the judgment of the court below or to reverse the same and remand the cause.

*Reversed and remanded, with directions.*