(No. 31501.— ▉▉▉▉▉▉

PATRICK J. ENNIS *et al.*, Appellants, *vs.* AUDREY M. GALE *et al.*, Appellees.

*Opinion filed November 27, 1950.*

PAUL F. O'NEIL, of Rochelle, and RAPHAEL E. YALDEN, of Rockford, for appellants.

RALPH M. EATON, of Mt. Carroll, GERALD W. FEARER, and S. DONALD CROWELL, guardian *ad litem*, both of Oregon, for appellees.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

This is a suit to contest the will of Michael J. Ennis dated September 20, 1947, and admitted to probate July 27, 1948. A freehold is involved. The usual charges of mental incapacity and undue influence were made. At the conclusion of the plaintiffs' evidence the circuit court of

Ogle County withdrew from the jury the issue of undue influence. The jury returned a verdict in favor of the proponents of the will on the question of mental capacity. The only error complained of is the court's action in directing a verdict on the issue of undue influence. The contestants are a brother, nieces and nephews of the deceased, while the proponents are minor children of a former employee and close friend of the deceased, but are not related to him.

The contestants, appellants here, contend that Walter M. Gale, grandfather of the beneficiaries, was the active agent who had to do with the procuring of the will; that he was handling the business of the testator before the latter died; that he was present when the will was first mentioned, and told the deceased he would get someone to draw the will, and then obtained a lawyer, not the choice of the deceased, but one of his own choosing; that he was present when the will was signed in the absence of the next of kin, and that the testator died ten days after the execution of the will. They say the above facts raise the presumption that Walter M. Gale exercised undue influence over the testator.

The test which the court should apply to the proof before it upon motion for directed verdict is whether, when all the evidence is considered, with all reasonable inferences drawn from it, in its aspect most favorable to the party against whom the motion is directed, there is a total failure to prove one or more necessary elements of the case. *Williams* v. *Consumers Co.* 352 Ill. 51; *Kinsey* v. *Zimmerman,* 329 Ill. 75; *Donnan* v. *Donnan,* 256 Ill. 244.

A careful consideration of the record shows that Walter M. Gale, at the time of the execution of the will, was not working for the testator; that the day the will was made the testator had been in and out of bed but not undressed; that he was clothed and in the lobby of his small hotel when he told Gale he was going downtown to make a will. Gale told him that was not necessary, that he could have

a lawyer come there, whereupon the testator requested that Gale get a certain lawyer for that purpose. Gale brought a lawyer but not the one mentioned by the testator. The record does not disclose the reason for this. After showing the lawyer to testator's room, Gale went to the lobby. He and the testator had never had a conversation about the provisions of the will.

The lawyer stayed in testator's room fifteen or twenty minutes and then left to prepare the will as directed. The only work Gale had ever done for the testator was to pay a coal bill and do some shopping for things the testator needed to go to the hospital. He said that the testator had never talked over his business affairs with him. The lawyer had never done any work for either Gale or the testator and had never seen Gale before he came to his office and told him that Michael J. Ennis wanted to make a will. Gale did not tell the lawyer anything concerning the provisions of the will because he had never talked about them with the testator and did not know what the testator had in mind.

When the will had been prepared by the attorney, he returned with it to the testator's room, after having picked up a witness, John Sweeney, at the drugstore. Gale entered the room with them. The will was presented to the testator and he read it. Only the testator, the attorney, the witnesses Sweeney and Walter M. Gale were in the room at the time. After the will was executed and witnessed by the attorney, Sweeney and Gale, the testator gave a carbon copy of it to Walter M. Gale and told him to deliver it to Lillian Gale, the mother of the two beneficiaries and the executrix named in the will. Gale was the first to leave the room after the will was executed. The testator, who was about eighty years of age, died about ten days later.

There is no doubt but that the physical condition of the testator was considerably impaired, but he had sufficient mental capacity to make a will as found by the jury, and

about which no question is here raised. Under the facts of this case, the presumption contended for by appellants is not applicable because Walter M. Gale did not stand to benefit under the will, and there is no evidence whatever that the will was made through his agency. It has been held, under certain circumstances, that one who benefits largely from a will made through his agency may be faced with a presumption that he exercised improper undue influence over the testator. (*Sulzberger* v. *Sulzberger,* 372 Ill. 240; *Donnan* v. *Donnan,* 256 Ill. 244.) Those circumstances are not present in the instant case.

The undue influence which will void a will must be directly connected with the execution of the instrument and operate at the time it is made. It must be specifically directed toward procuring the will in favor of a particular party or parties and it must be such as to destroy the freedom of the testator's will and render the instrument obviously more the offspring of the will of another or others than his own. (*Quathamer* v. *Schoon,* 370 Ill. 606; *Challiner* v. *Smith,* 396 Ill. 106.) Whenever the evidence falls short of the legal requirements of establishing undue influence, it is the duty of the trial court, upon motion, to exclude from the jury all evidence on the issue of undue influence. *Challiner* v. *Smith,* 396 Ill. 106.

Unaided by the presumption contended for by appellants, there is nothing in the record which shows in the least an attempt by Walter M. Gale to exert any undue influence upon the testator in the making of his will. The circuit court was right in withdrawing the issue of undue influence from the jury, and its action in so doing is affirmed.

*Decree affirmed.*