**Anastasia Klapkowski, Appellant, v. City of Chicago, a Municipal Corporation, Appellee.**

**Gen. No. 47,697.**

First District, First Division.

October 26, 1959.

Rehearing denied November 18, 1959.

Released for publication November 18, 1959.

Hectman and Penn, of Chicago (William N. Anthony and Harold L. Ward, of counsel) for plaintiff-appellant.

John C. Melaniphy, Corporation Counsel of the City of Chicago (Sydney R. Drebin, and Harold M. Nudelman, Assistant Corporation Counsel, of counsel) for defendant-appellee.

PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

This is a personal injury action in which the defendant's motion for summary judgment was granted because of insufficient statutory notice of the injury. The plaintiff appeals.

The notice required under Ill. Rev. Stat. 1957, ch. 24, sec. 1—11, is a written statement concerning the circumstances of the injury, signed by the claimant or his attorney. The statement must be filed with the City Clerk and the City Attorney within six months from the date of the injury. Within this statutory period, the plaintiff's attorney presented a signed notice of the claim which was duly receipted by both City officials. However, the copies of the notice, which he left at each office, were unsigned. The defendant argues that the omission of signatures on these copies renders the notice ineffective.

The facts in Lutsch v. City of Chicago, 318 Ill. App. 156, closely parallel ours. There the original notice was signed and receipted, but one of the two copies was unsigned. The court recognized that the purpose of the notice is to inform the City of the claim against it and afford the City an early opportunity of investigating the circumstances surrounding the injury; that this provision had been liberally construed (McComb v. City of Chicago, 263 Ill. 510; Schmidt v. City of Chicago, 284 Ill. App. 570) and that "lack of signature on a copy of the notice does not defeat that [statutory] object." The court stated that the word "file," as used in the statute, is synonymous with the word "serve," and that "unquestionably, plaintiff served proper notice as that term is commonly understood among lawyers."

Adopting the reasoning of the Lutsch opinion, we believe that the plaintiff, in the instant controversy, satisfied the requirements of the statute. The City was served with an original signed statement giving it

proper notice of the injury. The fact that both copies were unsigned does not warrant the application of a different rule.

This case should be distinguished from Minnis v. Friend, 360 Ill. 328 and Cipich v. The City of Chicago, 328 Ill. App. 580, which are relied upon by the defendant. In these cases it does not appear that any of the notices served upon the City were signed.

For the reasons given the judgment is reversed and cause is remanded for further proceedings not inconsistent with this opinion.

Judgment reversed and cause remanded with directions.

SCHWARTZ and McCORMICK, JJ., concur.