MARGARET SARAGUSA, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellant.

(No. 59072;

First District (1st Division)—April 1, 1974.

*Rehearing denied April 30, 1974.*

BURKE, J., took no part.

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan and Robert R. Retke, Assistant Corporation Counsel, of counsel), for appellant.

Sol I. Dvorkin, of Chicago (Michael A. Gerrard and Allen S. Gerrard, of counsel), for appellee.

PER CURIAM:

On September 21, 1970, plaintiff, Margaret Saragusa, filed this action against the defendant, City of Chicago, for injury resulting from her fall on April 20, 1970, due to an allegedly defective City sidewalk. The court, sitting without a jury, found for the plaintiff and assessed damages in the amount of $14,000, and the City appeals, contending that the court should have dismissed the action because the plaintiff's written statement, filed with the city clerk on June 23, 1970, (1) was not signed and (2) did not give "the name and address of the treating hospital or hospitals, if any," as required by section 8—102 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, as amended. (Ill. Rev. Stat. 1969, ch. 85, par. 8—102.) No question is raised as to the correctness or the amount of the verdict.

The City's answer to plaintiff's complaint admitted receipt of "purported notice." At trial, the assistant corporation counsel stated that he wanted the record to show that he had filed a motion to dismiss on the ground that the notice was defective in the two respects mentioned. Otherwise, the facts are not in dispute. The evidence showed that al-

though the copy of the notice left with the assistant city clerk was not signed, the original which the assistant clerk signed for and which he stamped "Received" did contain the plaintiff's signature. Plaintiff was hospitalized from April 20, 1970, the date of the accident, until June 6, 1970, as a patient at St. Mary of Nazareth Hospital. This information was omitted from the notice, which gave Dr. A. B. Vacante's name as the "attending physician."

In ruling against the City on its motion to dismiss the case because the notice was insufficient, the trial judge said he based his decision on several factors, that the notice did contain the name of one Dr. Vacante and his address, that the information concerning the hospital was contained in the plaintiff's answers to the City's interrogatories, that the City did not raise the issue in its answer and did not file a motion to dismiss on the basis of improper notice until the date of trial. Under these circumstances, the court felt there was "substantial compliance" with the statute and that the City should be estopped from moving to dismiss at so late a date.

The City's fifth interrogatory had asked for information concerning any attending or consulting physicians and the plaintiff's answer, filed December 22, 1970, stated:

"5. (1) Dr. A. B. Vacante
6043 West Belmont Avenue
Chicago, Illinois
Tu 9-1777

(2) Dr. Dereng
St. Mary of Nazareth Hospital
1120 North Leavitt Street
Chicago, Illinois 60622

(3) Dr. Mahin Hamidi
Dr. Flitis
St. Mary of Nazareth Hospital
1120 North Leavitt Street
Chicago, Illinois 60622

(4) Dr. Vacante—periodic visits in hospital.
Dr. Dereng—4-22-70.
Dr. Mahin Hamidi—4-22-70.
Dr. Flitis—4-22-70."

And in response to the City's sixth interrogatory, which requested certain information about whether the plaintiff had been "a patient or outpatient at any hospital or clinic," the plaintiff answered:

"6. Still under Doctor's care. Visits are made to patient's home.

Dr. A. B. Vacante on following dates:

| | |
|---|---|
| 6-25-70 | $15.00 |
| 9- 9-70 | 15.00 |
| 10-31-70 | 15.00." |

## I.

The single issue in this case is whether the plaintiff's written notice complied with section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1969, ch. 85, par. 8—102), which at the time of plaintiff's accident in 1970 read as follows:

> "§ 8—102. Notice of injury. Within 6 months from the date that the injury or cause of action, referred to in Sections 8—102 and 8—103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must personally serve in the Office of the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any."

If the notice did not meet these requirements the trial court should have dismissed the suit in accordance with the requirements of section 8—103 of chapter 85.

■■ Arguing first that the copy of the notice left with the City must be signed, the City cites as authority *Minnis v. Friend*, 360 Ill. 328, 196 N.E. 191, where the court held the notice fatally defective because "one of the essential elements," *i.e.*, the signature, was omitted. However, in the later cases, this requirement has been somewhat relaxed and in an identical factual situation in *Klapkowski v. City of Chicago*, 23 Ill.App.2d 222, 161 N.E.2d 865, *leave to appeal denied*, 18 Ill.2d 627, the notice was held sufficient, the court stating (23 Ill.App.2d 222, 224, 225):

> "The City was served with an original signed statement giving it proper notice of the injury. The fact that both copies were unsigned does not warrant the application of a different rule."

Consequently, the absence of the plaintiff's signature on the copy left with the city clerk did not render the notice insufficient.

## II.

Secondly, the City maintains, the notice was insufficient because it did not name the treating hospital. Plaintiff answers that her notice was "in substantial compliance" with the statute, citing *Minnis v. Friend*, 360 Ill. 328, 196 N.E. 191. The court there distinguished *McComb v. City of Chicago*, 263 Ill. 510, 511, 105 N.E. 294, which had held that "at or near the corner of Thirty-ninth Street and Campbell Avenue" was a sufficiently definite description, although it did not state on which corner the accident had occurred, and laid down the following rule regarding attempts to comply with the statute (360 Ill. 328, 333):

> "The *McComb* case would be applicable if there had been some attempt to comply with the requirement of the statute that the notice be signed and if the question were as to the sufficiency of the signature. No reason appears to us why the plain terms of the statute should not be followed."

The City points to the recent case of *Nikolic v. City of Chicago* 18 Ill. App.3d 426, where a written notice was held insufficient since it failed altogether to describe the general nature of the accident which the City argued was "a necessary part" of the required notice. The court added (slip opinion, page 3):

> "In so finding, we are not unmindful of the cases which plaintiff urges in support of his contention that where a substantial attempt to comply with the notice provisions of the statute is made, the notice will be deemed sufficient."

The question, then, is whether as plaintiff contends there has been a substantial attempt to comply with the statutory provision that the written notice give "the name and address of the treating hospital or hospitals, if any," as was required for the first time by the 1969 amendment to the statute which became effective October 10, 1969. Plaintiff first argues that she attempted to comply with the provision by including the doctor's name in the original notice. *Musser v. City of Chicago*, 293 Ill.App. 625, 12 N.E.2d 336 (abstract opinion), cited by plaintiff, found a notice sufficient which did not give the name of the physician who had treated the plaintiff for 24 days immediately following the injury, but did name the physician who thereafter took over treatment of the plaintiff. We do not think that giving Dr. Vacante's name can be construed as an attempt to comply with the new provision because furnishing the physician's name is a requirement independent of and in addition to the requirement that the notice supply the name of the treating hospital.

■■ In other words the test is not whether, in general, a plaintiff has attempted to comply with the statutory requirement, *i.e.*, "substantial compliance" with the overall requirements of section 8—102. The test,

rather, is whether plaintiff has made "some attempt" to comply with the particular requirement at issue (here, the requirement that the treating hospital be designated) and, if so, whether that attempt is "substantial." Thus, in the case before us, it is known from the answers to the interrogatories quoted earlier that at least three physicians attended plaintiff yet her notice named only one. Had the City contended plaintiff did not comply with the statutory requirement that she give "the name and address of the attending physician, if any," citation of *Musser* would be appropriate, but the City has not so contended. Therefore, compliance with the one provision concerning the attending physician was not an attempt to comply with the separate and distinct requirement that the notice name the treating hospital. Since plaintiff has not shown that she made "some attempt" to comply with this provision, we can make no appraisal of whether the attempt was "substantial."

Plaintiff also contends that her answers to the interrogatories provided the information omitted in the notice. However, although the City's sixth interrogatory specifically and pointedly asked whether the plaintiff had been a patient at a hospital or clinic, plaintiff's answer did not furnish the name of any hospital or clinic, but only Dr. Vacante's name and certain charges he made. And plaintiff's answer to the fifth interrogatory (for the names, addresses and other information concerning attending or consulting physicians) does not give the name of the hospital, as such. This was not a substantial attempt to comply with the provision at issue. Plaintiff's answer to that interrogatory, quoted in full above, did list two doctors in addition to Dr. Vacante and gave their addresses as "St. Mary of Nazareth Hospital, 1120 North Leavitt Street, Chicago." It might be inferred from this information that these doctors were attending physicians at St. Mary of Nazareth Hospital, but it does not necessarily follow that the City could or should have interpreted this information to mean that the plaintiff had been hospitalized there or that St. Mary of Nazareth Hospital was the treating hospital within the meaning of the statute. Apparently the City did not so interpret the information and so did not realize plaintiff had been hospitalized. This is why the City did not raise this defect in the notice earlier in the proceedings.

In any event, even if we were to conclude that the information furnished by plaintiff in her answers to the City's interrogatories did name the treating hospital, or at least was a sufficient attempt to comply with that particular provision of the statute, the information was not furnished within 6 months from the date of the injury as required by the statute. In so holding, we are aware of the recent case of *Helle v. Brush*, 53 Ill.2d 405, 292 N.E.2d 372, which held that the defendant's timely counterclaim, arising out of the same occurrence as an underlying

suit filed by the City against it, was not subject to dismissal for failure to comply with the notice requirements of section 8—102. The court listed the purposes of the statute (53 Ill.2d 405, 407): "to permit early investigation and prompt settlement of meritorious claims; to avoid the expenses and costs of suit where settlement can be achieved; and to permit the public entity to determine its budget in advance, for taxing purposes", and held that these purposes were served in the case at bar, stating (53 Ill.2d 405, 408):

> "Here, the fact that the public entity commenced the action indicates that the facts were not stale, and the avowed purpose of avoiding the expenses of litigation cannot be achieved since the public entity initiated the litigation. While the additional purpose of enabling a public entity to determine its budget for tax purposes is laudable, it must be weighed against the rights of the person who is sued to assert a cause of action against the litigant who brought him to court."

The case at bar is clearly distinguishable from *Helle v. Brush* because here the City did not commence the litigation, and because the purposes of the statute listed above are not served if in a case such as that at bar, the name of the hospital can be omitted and the cost of 6 weeks' hospitalization not come to light until trial. Nevertheless, plaintiff argues that the purposes of the statute were served first because suit was filed within the 6 months' limitation and because the name of the hospital was contained in her answer to the City's written interrogatories, in effect that the City had actual notice of the formation missing from the notice (the name of the treating hospital). But the case of *Housewright. v. City of LaHarpe*, 51 Ill.2d 357, 361, 282 N.E.2d 437, explicitly rejected the contention of the plaintiff there, that an allegation of actual notice satisfied the statutory requirement of written notice within the 6-month period. The contention that the City waived the notice requirement by failing to set it up as an affirmative defense in its answer and by waiting until the day of trial to raise the issue is not persuasive. In *McComb v. City of Chicago*, 263 Ill. 510, at 514, the court, even when giving the statute a liberal interpretation in favor of the plaintiff, was careful to point out: "We do not mean to be understood that the proof can be made to supply defects in the notice  *  *  *." Likewise, we can see no reason here why the holding in *Helle v. Brush* should be extended to nullify the 1969 amendment to the statute.

██ The 1969 amendment has for the first time required that the written statement give the name and address of the treating hospital or hospitals, if any. This requirement was an essential element of the notice. The plaintiff omitted this element altogether from her notice and she has not shown

that she made any attempt and certainly no substantial attempt to comply with this provision, as she was required to do by the language of *Minnis v. Friend*, 360 Ill. 328, 196 N.E. 191. The notice, therefore, lacked a necessary element and was fatally defective. Accordingly, the motion to dismiss should have been granted and the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

BURKE, J., took no part in the consideration or decision of this case.