THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LARRY SCOTT, Defendant-Appellant.

First District (4th Division)    No. 76-214

Opinion filed March 31, 1977.—Rehearing denied April 28, 1977.

James J. Doherty, Public Defender, of Chicago (Donald S. Honchell, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Renee Goldfarb, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the judgment of the circuit court of Cook County, First Municipal Division. Larry Scott (defendant), was convicted by the circuit court, sitting without a jury, for the offense of criminal trespass to a vehicle. The sentence imposed was six months imprisonment in the House of Correction.

The issues presented for review are whether the defendant waived his right to a trial by jury and whether the defendant was proven guilty beyond a reasonable doubt.

Larry Scott was arrested on November 5, 1975, and charged with criminal trespass to a vehicle (Ill. Rev. Stat. 1975, ch. 38, par. 21—2). At

his arraignment, Mr. Scott demanded a jury trial. His case was continued until December 11, 1975. At that time Mr. Scott was given a bench trial. The record shows that Mr. Scott never waived his right to a jury trial and the trial court never made an inquiry regarding a waiver of a jury trial.

Officer Albert Jordon was the only witness called by the prosecution. Officer Jordon testified that on November 5, 1975, at 7:10 a.m., he saw a black over white Cadillac at a distance of about one block, travelling away from his auto at about 40 miles per hour. The officer began a chase which lasted just two blocks. The Cadillac then pulled onto a side street and before it came to a complete stop, two of the occupants bolted from the car, fleeing away from Officer Jordon's vehicle, which was then about 30 feet behind the Cadillac. The Cadillac immediately started backing toward Officer Jordon's car. During this time, the driver, who had run from the car, glanced in Officer Jordon's direction. Based on this observation, Officer Jordon made his identification of the defendant.

Officer Jordon lost sight of the individuals who had fled, which is attributed to the officer concentrating his attention on avoiding the Cadillac backing toward him. Four to six minutes later he saw two individuals being placed under arrest. The officer stated he recognized one of those arrested as the defendant.

The defendant testified that, at the time of the arrest, he was returning from lunch to work at a nearby garage. He denied committing the offense, and indicated he could not drive a car and never has done so.

The court found the defendant guilty and sentenced him to six months in the House of Correction. Notice of appeal was filed on December 11, 1975.

The Illinois Code of Criminal Procedure provides, "[e]very person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court." Ill. Rev. Stat. 1973, ch. 38, par. 103—6.

In the case at bar, defendant demanded a jury trial on November 5, 1975. The record is silent as to defendant's waiver of this right. Although defendant received a bench trial, there was no waiver of a jury trial.

■■ Since a defendant in a criminal case has a right to a trial by jury, and since the defendant in this case apparently did not waive that right, the state's attorney has confessed error has been committed and recommends the judgment be reversed and the cause remanded for a new trial. That defendant was denied his right to a jury trial is uncontested, and his conviction must be reversed.

The defendant also alleges the People did not prove beyond a reasonable doubt (1) the identification of the defendant as the driver of the auto, and (2) the auto recovered was the auto described in the complaint.

■■ Where a judgment is reversed on one ground, other grounds of reversal assigned will not ordinarily be passed on, when the same questions, in all probability, will not arise on a retrial. (See *City of Chicago v. Callender* (1947), 396 Ill. 371, 71 N.E.2d 643; *Minnis v. Friend* (1935), 360 Ill. 328, 196 N.E. 191.) Similarly, where a new trial is ordered the court may refuse to consider ruling with respect to the weight and sufficiency of evidence. See *Deffler v. Loudenback* (1924), 233 Ill. App. 240.

■■ Since the defendant was improperly denied his right to a jury trial the questions concerning the sufficiency of evidence presented above need not be considered.

For the foregoing reasons the judgment of the circuit court of Cook County is hereby reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LINN and ROMITI, JJ., concur.